Good morning, Your Honors. Janice Deaton on behalf of Appellant Derek Galanis. And of all cases, I have to start with an apology. I am very sorry for the confusion this morning. I did attempt to make sure that I was supposed to be here yesterday, and evidently I talked to the wrong person, so. Well, these mistakes happen. This is an unusual case, because they're related, but we split them up. So we juggled one and didn't make it clear we were juggling So in any event, we're all here, so why don't you proceed. Thank you. First of all, I would like to just begin by saying that I understand that both the government and appellant, we've agreed that remand is appropriate in this case. I also acknowledge, of course, that in the interim between the time that Mr. Galanis pled guilty and today, there's a flurry of past times regarding these types of cases. And so given that this will be remanded, I assume, unless the court disagrees with government counsel and myself, I understand that we'll be addressing the Blakely issue on remand. I would like to, however, briefly address that this morning, if I might. And that is because I did raise it in my reply brief, since it hadn't come down by the time I got here. We're not going to do anything with it. Okay. Then I'll just move on. I did also file a gum sheet slash 28J letter. I gave it to government counsel, and that's simply regarding the remedy. I would ask the court for permission to further brief the issue if it does decide, if Booker and Panpan come down at a time where this court might issue some ruling regarding that prior to... Well, if we remand, I assume it'll be a remand on an open record. And so you'll be able to make whatever arguments you want to make in front of Judge Whalen. And then to the extent that you're dissatisfied with however he handles it, you'll have another opportunity to come back and tell us again. I hope you play an error. I hope. Okay. Then moving along. In this case, what we're asking for, if Blakely or if Booker does not go Mr. Galanis' way, then what we're asking for is very simple. We're asking for this court to find that the lower court abused its discretion in denying minor role. And this case is complicated. There were lots of issues raised. The court can see how hard fought it was below. And the bottom line is that in Mr. Galanis' view, the government was biased in its presentation such that Judge Whalen really was led into believing that he was more than a minor player, which he just wasn't. The government made three general allegations. We disproved each and every one of those, the three being the financing, the participation from an early stage, and the fact that since Mr. Galanis knew so much, that therefore made him a trusted high-end member of the conspiracy. There were about 18 people involved in this operation, weren't there? There were 18 people arrested and indicted. Well, now, where would you rank him on, you know, it's become fashionable to rank things on a scale of 1 to 10. Where would you rank him on 1 to 18 in this so-called minor role? I would rank him at number 17, right above Lisa Arras, who was the defendant who was not mentioned in Mr. Galanis' probation report. She pled guilty, I believe, to money laundering, Judge Goodwin, and received probation. The reason that I would rank him above her and behind every other person is because he did not contribute any financing, any money, unlike many of the other defendants, nor did he earn a penny from this conspiracy. Again, I would remind the Court that the initial indictment in this case stated that this conspiracy began on or about November 2000. And so, really, and in the prosecutor's opening statement, he focused on that year. The conspiracy for the prosecutor in this case was the Alba Forrester, et cetera, conspiracy. So, Mr. Galanis was living in Kosovo until March or April, and he was convicted of the Alba Forrester case in the fall of 2001. He wasn't even here. I would rank him at the very lowest rung. His participation was so minor, and in front of many juries, I've held up my hand and said to them, here's a photograph of my client not selling drugs. And the point is, I can't prove a negative. That proves nothing. I could show them a million photos of my client not selling drugs. The government needs to prove what he did, and each and every one of the government's allegations, I submit, we disproved. The financing allegation, it was clearly proven in the documentation in the government's discovery that that money was Denis Alba's. And in fact, even in the government's answering brief, the government indicates that the records indicate there was no payout made to Derek Galanis for these wires. And that's precisely the point. There are two records of payouts to Thomas Lilius that correspond with the two wires that Derek Galanis made. And I do say that in my reply brief. And that's the point. Unfortunately, Mr. Galanis did those two wires. That's what he pled to. That was the factual basis. And there were many other people that wired money to Thomas Lilius who weren't not many. There was at least one other person who wired money who wasn't even charged, and another person who got straight probation. So wiring the funds did not seem to move the government in these other cases. However, with Mr. Galanis, they were just under the impression that it was his money, which I believe was disproved by Mr. Galanis. Mr. Dean, I have a couple of questions for you. One is that the district judge did make, I'm looking at the excerpts of record, I think page 167, it's the sentencing transcript. He did make some comments with regard to the fact that he'd had these consolidated cases pending before him for about two years, and he'd already sentenced 12 or 13 people in the case. And he'd also presided over the jury trial in finding that with regard to your client's role, he didn't think that he was substantially less culpable, and therefore entitled to a minor role in the offense. Don't we have to find that that's clear error in order to grant you the relief that you are seeking? If that's one way to look at it, and frankly, it is clear error, I find that that's more of a conclusion. That's not really a finding of fact. What he had to do, what Judge Whalen had to do was just find that Derek Galanis was not a minor role. I believe that, first of all, I believe that that is clear error, and the support for that is set out in my opening statement. And that is, if we agree with you that, based on the government's concession, a remand in order to make factual findings that are not present now is required, aren't you going to be able to make all of the arguments to Judge Whalen again that you're now making to us? Well, the reason that I believe he abused his discretion is because he knew what was before him. Well, I don't think you're responding to my question, but my question is, you're asking us to find clear error on the one hand, but you're arguing that he didn't make adequate factual findings, and so I don't think you can have it both ways. If you want the remand, I think we have to remand it on an open record, then you're going to have to urge him, I trust with the government's concurrence, to make specific factual findings as to why he does or does not qualify for the minor role adjustment. Then you can bring an appeal back if you're not satisfied with the result and make the arguments that you're now making to us, but I just don't see how we can, in essence, remand it but tell him on this record you have to grant him a minor role adjustment when we've got that problem with the record. That's my question. Right. And in my opening brief, I did argue that if this Court does find this to be a factual finding, that it is a clearly erroneous one, and that's what he based his ruling on, and that's so I, to answer your question, maybe it sounds a little slippery, and I don't mean to, I don't mean for that, but if this is a factual finding, which, I mean, that's what he says. I find that he was at par with Dennis Alba and Mark Forrester. That finding is clearly erroneous, and that's what I mentioned in my opening brief. I mean, I assume what you don't want us to do is to uphold the minor role adjustment and then remand for, on an open record, so that your client can then allocute under Rule 32. That's correct. Okay. That's correct. And he did the, what, even though he said on the one hand, I'm not going to make, I see my time is almost up, any factual findings, he did say, I find him at par with Dennis Alba and Mark Forrester, and as I stated in my opening brief, that's an erroneous finding, based on all of the reasons. Well, the district court certainly made it clear that he wasn't happy with some of the deals that the government had cut. That's correct. And indicated that if he were king, that wouldn't have happened, but I'm not quite sure what to do with that, other than, you know, district judges get frustrated all the time at what lawyers do. Right. I would like to reserve my last ten seconds, if I may. You may. Thank you. Good morning. May it please the Court, I'm Demetra Lambrose. On this question of minor role, as Judge Tallman has said, the government is conceding that the district court didn't do what it was supposed to do with the Rule 32 findings, and as this Court has said, the fact that he found that Mr. Bellanus was not substantially less culpable than the other participants is a conclusion of law. It's a conclusion of fact, but this Court has made clear that the government has to, that the Court has to resolve the underlying factual disputes that led to that conclusion, and there were plenty of these. As counsel said, we had a very different view. We believe that Bellanus was a financer, that he was a leader, that he was involved early on, that he was very much a part of this conspiracy all the way through, that he helped distribute, that he was in the lab at the time. The district court, when counsel asked him to resolve these things, said, I'm not going to find any facts regarding anything. He's got to go back and do that. And this Court simply can't tackle those questions in the first instance. It can't review findings that the district court just didn't make. So we think it has to go back to the court. Well, our remand would just be without prejudice to making any record that the case requires, make a record, a fresh start. The district court is going to need to make the record and make the factual findings on the disputes that are clearly presented, and then if Mr. Bellanus, and also to give him the opportunity to allocate, if he didn't do that, and if Mr. Bellanus wants to review, that's what's going to happen at that point. And at the same time, whatever Booker and Fanfan may hold for the guidelines, it's also got to go down. The district court can make those decisions then, too. Okay. Did you come all the way out here from Washington for this? I guess I did. This could have been handled by an email. The government is concerned about the misconduct claims, obviously, and we think that they're meritless. In that sense, it was worth my trip. Thank you. We hope you enjoyed the weather. Pardon me? We hope you enjoyed the weather. And I would just invite this court to remand with questions then, with instructions and the examples that I gave in my reply brief, the answers to those very compelling questions, because I think they're hard questions. And frankly, I think that Judge Whalen just didn't want to go there. I think he just chose to maybe let you decide the questions that were too difficult for him to decide. And so I would ask the court to consider having him answer those specific questions. So you want us to propound interrogatories to the district court? No. I mean, I think what you want, you want more than the cases remanded for proceedings not inconsistent with whatever else we say. Right. Okay. Thank you. We take your point. All right. Thank you very much. The case argued is submitted. And we will proceed to the related case, which is United States v. Hernandez. All right. We'll let you get set up. Okay. Counsel, you may proceed. Okay. You want to come up to the lectern and make your statement up there so it can be picked up on the mic? Of course. Thank you.
judges: Goodwin, Fisher, Tallman